

# MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| WASIM ALAGHA, | ) | |
| | ) | |
| Appellant, | ) | WD87255 |
| | ) | |
| v. | ) | OPINION FILED: |
| | ) | |
| COTTLE AUTOMOTIVE REPAIR, INC. | ) | April 29, 2025 |
| D/B/A AUTOMOTIVE SPECIALIST, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**Appeal from the Circuit Court of Boone County, Missouri**
**Honorable Joshua Calvin Devine, Judge**

**Before Division Four: Anthony Rex Gabbert, Chief Judge Presiding,**
**Janet Sutton, Judge, and Calan T. McConkey, Special Judge**

Wasim Alagha (Alagha) appeals *pro se* from a judgment of the Boone County Circuit Court (trial court) on a trial de novo, finding against him on his claim against Cottle Automotive Repair Inc., D/B/A Automotive Specialist (Automotive Specialist). Automotive Specialist filed an application for trial de novo from a small claims court judgment against it on Alagha's claim. Alagha's brief fails to comply with the rules of appellate procedure so substantially that we cannot review this appeal, and we therefore dismiss it.

**Factual Background**

Alagha filed a small claims petition in October 2023, alleging that in July 2023 he took his vehicle to Automotive Specialist for air conditioning repairs, that he paid $504.09 for the repairs, but when he got his car back, there were still problems with the air conditioning. Automotive Specialist was served with Alagha's petition, and the court set the small claims hearing for December 19, 2023.

On December 19, 2023, at the small claims hearing, Alagha appeared and Automotive Specialist did not. The small claims court heard evidence and entered judgment in Alagha's favor in the amount of $504.09 plus costs for a total of $539.59. On December 28, 2023, Automotive Specialist filed a motion to set aside the default judgment which the trial court denied on the same day. On January 2, 2024, Automotive Specialist then filed its application for trial *de novo*.

On May 30, 2024, Alagha appeared and Automotive Specialist appeared, by its corporate representative and its attorney, for the trial de novo. Both sides introduced evidence. The circuit court then entered judgment in favor of Automotive Specialist and against Alagha on Alagha's petition.

Alagha appeals *pro se*.[1]

**Discussion**

On October 30, 2024, this Court issued an order striking Alagha's initial brief for failing to comply with Rule 84.04's briefing requirements with the following explanation:

> 1. The table of cases lacks reference to the pages of the brief where the authorities are cited as required by Rule 84.04(a)(1).

---

[1] Automotive Specialist did not file a responsive brief in this matter.

2. The Statement of Facts lacks specific page references to the legal file or the transcript as required by Rule 84.04(c).

3. The Points Relied On are not in compliance with the specific requirements of Rule 84.04(d).

4. The point relied on is not restated at the beginning of the section of the argument discussing that point. The argument section lacks specific page references to the legal file or the transcript. All as required by Rule 84.04(e).

We granted Alagha fifteen days to file an amended brief correcting the violations. Alagha thereafter filed an amended brief, but his amended brief still fails to comply with Rule 84.04's requirements concerning the contents of briefs.

Rule 84.04 Violations

Rule 84.04[2] sets forth the mandatory requirements for all briefs filed in Missouri's appellate courts. *Deere v. Deere*, 627 S.W.3d 604, 607 (Mo. App. W.D. 2021). Although Alagha appears *pro se*, he is held "to the same standard as attorneys" and is subject to Rule 84.04's mandatory appellate briefing requirements. *Id.* We do not grant *pro se* parties preferential treatment in regard to complying with the procedural rules because of the need for judicial impartiality, judicial economy, and fairness to all parties. *Id.*; *Freeland v. Div. of Emp. Sec.*, 647 S.W.3d 22, 26 (Mo. App. W.D. 2022).

Alagha's brief fails to comply with Rule 84.04 in multiple significant respects. First, his statement of facts does not comply with Rule 84.04(c). Rule 84.04(c) requires an appellant's brief to contain a statement of facts and provides that "[t]he statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument." The statement of facts' primary purpose is to provide an immediate, accurate, complete, and unbiased understanding of the facts of the case. *Guglielmino v. Jackson Cnty*, 609

---

[2] All Rule references are to the Missouri Supreme Court Rules (2024).

S.W.3d 852, 855 (Mo. App. W.D. 2020) (citation omitted). Additionally, "[a]ll statements of facts shall have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits." Rule 84.04(c). Alagha's amended brief includes a section called "statement of facts." All statements of fact in Alagha's brief, however, do not contain specific page references to the relevant portion of the record on appeal. It is not "our role . . . to serve as an advocate for a litigant, and we have no duty to search the transcript or record to discover the facts which substantiate a point on appeal. That is the duty of the parties, not the function of an appellate court." *Guglielmino*, 609 S.W.3d at 855 (citation omitted). A Rule 84.04(c) violation, by itself, constitutes grounds for dismissal of Alagha's appeal. *See Gan v. Schrock*, 652 S.W.3d 703, 708 (Mo. App. W.D. 2022).

Second, Alagha's points relied on fail to comply with Rule 84.04(d). Points relied on are central to a brief's formation. *Lexow v. Boeing Co.*, 643 S.W.3d 501, 505 (Mo. banc 2022). Rule 84.04(d) requires that points relied on "(A) Identify the trial court ruling or action that the appellant challenges; (B) State concisely the legal reasons for the appellant's claim of reversible error; and (C) Explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Rule 84.04(d)(1). When appealing a trial court's decision, points relied on shall substantially follow the form: "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*]." Rule 84.04(d)(1).

None of Alagha's five points substantially comply with Rule 84.04(d). Alagha raises issues with the trial court's resolution of several different claims, including a breach of contract claim, an unjust enrichment claim, failure to perform services, consumer protection violations,

and the court's ruling on damages. Although Alagha arguably identifies the challenged trial court's ruling, in most of his points, Alagha merely recites factual conclusions without stating the legal reasons for a claim of reversible error, and the points fail to adequately explain why those legal reasons support the claim of reversible error. Abstract statements of law, by themselves, do not comply with the rule. Rule 84.04(d)(4). "A deficient point relied on requires the respondent and appellate court to search the remainder of the brief to discern the appellant's assertion and, beyond causing a waste of resources, risks the appellant's argument being understood or framed in an unintended manner." *Lexow*, 643 S.W.3d at 505. This Court cannot consider a point relied on where we would have to essentially guess what the point is, and then sift through the record to try to find support for the perceived point. *See Acton v. Rahn*, 611 S.W.3d 897, 902 (Mo. App. W.D. 2020). Alagha's noncompliance with Rule 84.04(d)'s mandatory requirements in his points relied on preserve nothing for appellate review and is grounds for dismissal. *See Lexow*, 643 S.W.3d at 505; *Acton*, 611 S.W.3d at 902.

Finally, Alagha's argument portion violates Rule 84.04(e). An appellant, to properly brief a case, must develop the issues raised in the points relied on in the brief's argument portion. *Estate of Hanks*, 589 S.W.3d 604, 606 (Mo. App. E.D. 2019). The argument section should demonstrate how principles of law and the facts of the case interact, and when a party does not support allegations with relevant legal authority or argument beyond conclusory statements, we deem the point abandoned. *Pickett v. Bostwick*, 667 S.W.3d 653, 661 (Mo. App. W.D. 2023); *Barbero v. Wilhoit Props., Inc.*, 637 S.W.3d 590, 595 (Mo. App. E.D. 2021). While Alagha does cite to various statutes and the Restatement in his argument, the citations are insufficient to develop the claims of error. Alagha has not provided a comprehensible explanation—supported by citations to relevant legal authority—about how the law supports a finding that the trial court

committed reversible error. Alagha has failed to satisfy the "fundamental requirement of an appellate argument" to "demonstrate the erroneousness of the basis upon which a lower court . . . issued an adverse ruling." *Hanks*, 589 S.W.3d at 606 (citation omitted). We cannot complete Alagha's arguments for him.

We can "exercise our discretion to review noncompliant briefs *ex gratia* only when we can ascertain the gist of an appellant's arguments, notwithstanding minor shortcomings in briefing." *Deere*, 627 S.W.3d at 609 (internal quotation and citation omitted). Alagha's brief is so deficient that we are not able to conduct a meaningful review of his case without becoming an advocate for him, which we cannot do. Alagha's Rule 84.04 violations are not mere technicalities, but are substantial, and his failure to substantially comply with Rule 84.04 requires us to dismiss his appeal. *See id.* We are reluctant to do so as we always prefer, when possible, to address the merits of an appeal rather than dismiss on briefing deficiencies. *Id.*

Failure to File a Transcript

Even if Alagha's Rule 84.04 briefing deficiencies were of a nature that we could overlook, which they are not, we would be required to dismiss the appeal because Alagha failed to provide us with a transcript from the trial. Rule 81.12 specifies both the contents of, and the parties' responsibilities in preparing, the record on appeal. "Rule 81.12 specifies the record which must be provided by an appellant on appeal and imposes upon an appellant the duty to file the transcript and prepare a legal file so that the record contains all evidence necessary to make determinations on the issues raised." *Id.* (citation omitted); *Pickett*, 667 S.W.3d at 662. *See also C.T. v. E.Y.*, 644 S.W.3d 336, 337 (Mo. App. E.D. 2022). Further, Rule 81.12(c)(1), titled "Duty of Appellant to Order Transcript," states, "Within ten days after the notice of appeal is filed, appellant shall order the transcript, in writing, from the reporter or from the clerk of the trial

6

court if the proceedings were recorded by means of an electronic sound recording." An appellant is required to file a transcript and legal file so that this Court has a record with all the necessary evidence to determine the questions presented for us to decide. *Pickett*, 667 S.W.3d at 662 (citation omitted). Further, Rule 81.12(c)(5) requires that the transcript be certified by the court reporter or the transcriber as a true and accurate reproduction of the proceedings transcribed or of the sound recording. "Without a transcript, we lack the necessary information to rule with any degree of confidence in the fairness, reasonableness and accuracy of our final conclusion." *Id.* An appellant's failure to comply with Rule 81.12 is grounds for dismissal of the appeal. *Id.*

Although Alagha assembled a legal file, he did not provide us with a certified transcript of the trial de novo in violation of Rule 81.12. A transcript is necessary to this appeal because, as best as we can discern, Alagha raises issues related to the trial court's ruling on his claim for damages against Automotive Specialist for its unsatisfactory repair of his car. Without a transcript, we lack the necessary record to assess his claims and a means to determine if the trial court committed reversible error. *Williams v. Williams*, 669 S.W.3d 161, 165 (Mo. App. E.D. 2023). We must dismiss an appeal when everything necessary to determine the questions presented, including the transcript required under Rule 81.12, is not provided by the appellant. *C.T*, 644 S.W.3d at 337-38.

Alagha failed to furnish this Court with a complete record necessary to consider his appeal. Therefore, in addition to dismissing Alagha's appeal for non-compliance with Rule 84.04, we dismiss because our review is impossible without the necessary transcript.

**Conclusion**

Because Alagha's brief so substantially fails to comply with Rule 84.04's briefing requirements so that it preserves nothing for appellate review, and because Alagha failed to file a necessary transcript required by Rule 81.12, we dismiss the appeal.

Janet Sutton, Judge

Anthony Rex Gabbert, C. J., and Calan T. McConkey, Sp. J. concur.